## CRAWFORD *vs*. THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Section 3695 of Revised Code; indictment under, what should show.*—An indictment for burglary, under section 3695 of the Revised Code, for breaking into and entering a "shop," should show that the shop is one in which "goods, merchandise or other valuable thing is kept for use, sale, or deposit." To charge that the shop was broken into and entered "with intent to steal," is not enough.

2. *Charge to jury; what, should not be given.*—In a criminal case, a charge which instructs the jury, in referring to a part of the testimony for the defense, "that you are not bound to believe one word of the testimony unless you are satisfied it is true, and of this you are the judges," is too broad. It can not be said to be in support of the credibility of the testimony referred to, and most probably would be construed by a jury as an assault upon it, and as an intimation that it was unworthy of influence in making up their verdict. The jury can not capriciously reject any evidence, delivered on the trial before them, unless it is in some way impeached or contradicted in a manner allowed by law.

3 *Absent witness; written statement of what would testify; effect and force of.*—The written statement of what an absent witness would testify, if present, when accepted in lieu of the witness, must have the same force, so far as credibility is concerned, as the oral statement of the witness would have.—Rule 16, Rev. Code, p. 821.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCaleb Wiley.

The opinion states the facts.

W. C. Oates, for appellant.
Joshua Morse, Attorney-General, *contra*.

PETERS, J.—This was an indictment under § 3695 of the Revised Code, for burglary; it was demurred to because it did not aver that the shop, broken into and entered, was a shop in which "any goods, merchandise, or other valuable thing, is kept for use, sale or deposit." The demurrer was overruled.

The indictment in this case is clearly bad, and the demurrer should have been sustained.

The forms prescribed in the appendix of the Code are sufficient only where they are applicable. When they are not applicable, then other analogous forms must be devised to be used in their stead.—Rev. Code, § 4141.

And when analogous forms are constructed, they must state the facts constituting the offense in ordinary and concise language, in such a manner as to enable a person of common sense to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.—Revised Code, § 4112. This is the rule of the Code for the framing of indictments, when no form is given.

The form of the count used in this instance is in these words :

" The grand jury of said county charge, that before the finding of this indictment, Alfred Crawford broke into and entered the shop of Council Batchelor with intent to steal."

It is said, that "in a criminal charge there is no latitude of intention, to include any thing more than is charged ; the charge must be explicit enough to support itself." It has been repeatedly settled by this court, that a statement of the facts which constitute the offense in the language of the statute, is sufficient.— *Wicks v. The State,* June term, 1870 ; *Johnson v. The State, ib.*

Here the language of the charge is, " that Alfred Crawford broke into and entered the shop of Council Batchelor with intent to steal." This is intended to make an allegation of burglary.

The statute defining burglary in this State is in these words :

" Any person who, either in the night or day time, with intent to steal, or to commit a felony, breaks into and enters a *dwelling-house, or any building within the curtilege of the dwelling-house,* though not forming a part thereof ; or into *any shop, store, warehouse, or other building, in which any goods, merchandise, or other valuable thing, is kept for use, sale, or deposit,* is guilty of burglary."—Rev. Code, § 3695.

Formerly, it was held that statute laws were to be read without regard to punctuation, and their meaning and pur-

pose were to be sought for, in the words used and their location in the sentence. But in modern times, the legislative authority not only fixes the words to be used, and their position in the sentence, but it also superintends and fixes the punctuation. No laws are now passed without careful attention to this often important particular.

The section above quoted, which defines burglary in this State is clearly divided into two members. The first makes burglary to consist in breaking into and entering certain *houses* and *buildings* therein named, " *with intent to steal or commit a felony.*" The character of the *house*, and *the intent* with which it is broken and entered, make the offense. These, then, are the facts to be stated in an indictment under the first member of the section. This is the form given in the Code.—Rev. Code, p. 811.

The second member of this section, which is divided by the word " *or* " and semi-colon, from the first, adds to the *houses* broken and entered another character which did not belong to the houses mentioned in the first. That is, they must be shops, stores, warehouses, or other buildings, " in which any goods, merchandise, or other valuable thing is kept for use, sale, or deposit." To break into and enter an empty shop, store, or warehouse or other building with intent to steal, where there was nothing to be stolen, would hardly be placed upon the same degree of criminality as the breaking into and entering the dwelling-house, or the building within the curtilege of the dwelling-house. It is not so much the house that is intended to be protected, as the things within the house, and the uses to which the house is put. It is a rule of construction, that where one thing is named, other things not named are excluded. Then the characteristics of the houses named in the first member of the section are excluded from those named in the second, and *vice versa*. Then an indictment under the first member, must contain a proper description of the house, as well as the intent with which it had been broken and entered. So, likewise, must an indictment under the second member contain an analogous description of the houses therein mentioned. There are, then, two statements of facts,—one in the first and one in the second member of

the section,—which constitute the crime of burglary ; and these statements should be carried into the charge made in the indictment. This indictment is founded upon the facts which constitute burglary under the second member of the section abovesaid, and it should, like the indictment given in the appendix to the Code, which is under the first member, contain a statement of all the facts therein named, among which is the characteristic fact, that the house must be one " in which any goods, merchandise, or other valuable thing is kept for use, sale, or deposit." This is one of the facts necessary to be proven in order to show guilt. This would make the form analogous to that given in the Code.

This indictment fails to complete the description of the house or building mentioned in the statute with the allegation of the fact, that it is a house or building " in which any goods, merchandise or other valuable thing, is kept for use, sale or deposit." This is the proper construction of the statute according to its punctuation, its meaning and its purpose.

The court below, therefore, erred in overruling the demurrer to the first count, and for this reason the cause must be reversed.

It is unnecessary, in this view of the case, to consider the charge of the learned judge to the jury in the court below, at length. In the main it is correct. But it assumes that the accused could be convicted of burglary upon satisfactory proof of the facts alleged in the indictment. This is contradictory of the construction of the statute above given. It was therefore erroneous.

There is also another feature of the charge which is not wholly free from objection. In referring to a certain portion of the testimony for the defense, the court says—"yet you are not bound to believe one word of this testimony, unless you are satisfied it is true, and of this you are the judges."

This clause of the charge must have some meaning. It can not be construed in support of the veracity of the testimony referred to. It may be construed into an assault upon it, and would justify the jury in its rejection as un-

worthy of any influence upon their verdict. In this view of it, it would be erroneous. If the testimony delivered upon the trial is unimpeached, either by the manner of the witness, his knowledge of the facts, his connection with the parties or by contradictions, or for some other legal reason, the jury must treat it as true. They have no legal right causelessly to discredit any portion of the evidence, unless there are legal grounds for such a discrediting. Any other course would imperil the fairness and impartiality of the trial. If the jury can capriciously and causelessly discredit a portion of the testimony for the defense, they may discredit the whole. If the law exists, as intimated by the learned judge on the trial below, it exists without limit; and it may be applied to the testimony of the defense or to the testimony of the prosecution. This would give the jury power to convict or to acquit according to their discretion, and not according to the evidence. This is not a correct statement of their duty. They must try the issue joined according to the evidence.—Revised Code, § 4292. · They have no authority to discredit any portion of the evidence, merely because they suspect it to be false, when their suspicion is not founded upon a legal reason. The charge in this instance was too broad. It was calculated to invade the *right* of the accused to a *fair and impartial* trial.—*Ex parte Chase*, 43 Ala. 303. If the admitted written statement of the evidence of the absent witness was accepted in lieu of the witness, it is entitled to stand in his shoes. It is no worse and no better than his oral testimony would be. The charge of the court is possibly calculated to make a different impression on the minds of the jury. It was therefore improper.—Rev. Code, § 2678; Rule 16, Rev. Code, p. 821.

The conviction and judgment of the court below are reversed, and the cause is remanded for a new trial. The appellant will be held in custody until discharged by due course of law.