## Norris & Coleman v. The State.

*Indictment for Burglary.*

*Sufficiency of indictment.* — An indictment for burglary (Rev. Code, § 3695), which charges the prisoner with breaking and entering a house, "in which there was stored at the time cotton in the seed," without an averment that it was a thing of value, is fatally defective.

FROM the Criminal Court of Dallas.
Tried before the Hon. GEO. H. CRAIG.

JASPER N. HANEY, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — The indictment was based on R. C. § 3695, and charged, in substance, that the defendants " broke into and entered the house of Jerry Manning, in which there was stored at the time cotton in the seed, with intent to steal," &c. A demurrer to it was overruled.

Section 3695 of the Revised Code divides the buildings which may be the subjects of burglary into two classes. In one class, the burglary is made to depend upon the character of the building, without reference to what is therein contained. In the other, the breaking and entering, with the felonious intent, does not necessarily constitute burglary. It must take place in a building where " goods, merchandise, or *other valuable thing*," is at the time kept, for use, sale, or deposit. The statute was evidently intended rather to protect the contents of the buildings mentioned in the second class, than to guard the security of the structures themselves. If there be a breaking and entering, with the felonious intent, of a building, not a dwelling-house, or within the curtilage, &c., and at the time of the entry neither goods, merchandise, or other valuable thing, " is kept" there " for use, sale, or deposit," there is no burglary under this statute. *Crawford* v. *State*, 44 Ala. 382.

Where the indictment does not describe the things " kept " in the building for use, &c., by the name or description given them in the statute, it must state some fact, which will bring the thing deposited within the scope of the statute : for instance, that the thing deposited was a valuable thing, or was goods, or merchandise. If it was neither of these, it would not be the character of deposit the statute was designed to protect.

Without inquiry whether the word " stored " in the indictment is equivalent to either of the words used in the statute, we hold the indictment in this case fatally ·defective, in not al-

[Harris *v.* State.]

leging that the " cotton in the seed " was a valuable thing, or constituted either goods or merchandise. It may have been worthless matter by having been spoiled.

The judgment is reversed, and the cause remanded.