### ZACK JONES v. THE STATE.

#### No. 3278.     Decided May 16, 1906.

**Burglary of Private Residence at Night—Statutes Construed—Indictment.**

In a prosecution for burglary of a private residence in the night-time, under articles 839a, 845c, Penal Code, an indictment which failed to charge that said house was occupied and actually used by some person named at the time of the offense as a place of residence was fatally defective.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary of a private residence at night-time; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. H.* and *Alice S. Tiernan* and *John Gothgar*, for appellant.—10 Ency. of Pleading, 486; State v. West, 10 Texas, 555; Rush v. State, 18 Ala., 416; State v. Casey, 45 Me., 435.

*J. E. Yantis*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment fixed at five years confinement in the penitentiary. The indictments has two counts: one charging a daytime burglary, and the other a night-time burglary. He was tried under the last count, which, in the charging part, alleges as follows: Zack Jones * * * "with force and arms, then and there in the night-time, a certain house there situate, then and there occupied and controlled by R. Bernadoni, the same then and there being a private residence, feloniously, fraudulently and burglariously, by force, threats and fraud, did break and enter, with the intent then and there to commit the crime of theft, and with the intent then and there, the corporeal personal propery of value, of and belonging to said R. Bernadoni, then and there being found in said house, feloniously and fraudulently to steal, take and carry away from and out of said house and out of the possession of said R. Bernadoni, etc." Appellant moved to quash said count on the ground that it was an attempt to charge a. burglary of a private residence, and that the same should have charged that said house was occupied and actually used at the time of the offense by the said Bernadoni as a place of residence. This prosecution is under the amendment of the Twenty-Sixth Legislature (page 318, acts 1899). Article 839a provides: "The offense of burglary of a private residence is constituted by entering a private residence by force, threats or fraud at night * * * with intent to commit a felony or the crime of theft." Article 845c defines a private residence under said article, and says, the same shall be construed to mean any building or room occupied and actually used at the time of the offense by any person or persons as a place of residence. Article 845a makes the punishment of burglary of a private residence, imprisonment in the penitentiary for any term of years not less than five. In Williams v. State, 2 Texas Ct. Rep., 359; Brown v. State, 3 Texas Ct. Rep., 227, this amendment came before this court for construction. See also Jones v. State, 10 Texas Ct. Rep., 399, a former appeal by this appellant. In said cases it was held that the amendment in question made the burglary of a private residence a distinct offense, enhancing the punishment therefor. In the last named case, it was held that where the facts and circumstances showed a night-time burglary of a private residence, the party could not be prosecuted and convicted of a daytime burglary. However, the form of indictment under this amendment has not previously been before this court. The question here is, is the designation that said house "was a private residence," sufficient, or should the indictment, in order to be complete, allege that said building or room was occupied and actually used at the time of the offense by prosecutor as a place of residence. Mr. Bishop lays down the rule on this subject, as follows: "If to such place the statute adds a descriptive phrase, it should be covered by a proper allegation." 2 Bishop Crim. Proc., section 136; Morris v. State, 50 Ala., 126; Dana v. State, 54 Ala., 127; Bell v. State, 20 Wis., 630. It occurs to us, from the language

used in said articles 839a and 845c, that it was intended to make the burglary of a private residence at night a distinct offense, and that this private residence should be some building or room occupied and actually used at the time of the offense by some person named as a place of residence. This subsequent article is descriptive of what a private residence under the amended statute is, and as we understand this must be proved. Under our statutes what has to be proved, should ordinarily be alleged in the indictment. On the trial of this case the facts constituting it a private residence under article 845c were proven, and the court instructed the jury in accordance with said proof. However, the indictment did not contain this description of said private residence, which we hold was a necessary averment. Because of the insufficiency of the indictment, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*