## Monroe Johnson v. The State.

### No. 3287. Decided May 23, 1906.

**1.—Burglary of Private Residence at Night-Time—Other Offenses.**

Upon trial for burglary, it was not competent to show that certain articles found on the defendant were the fruits of former crimes, in as much as they had no bearing on the case then being tried, either as part of the res gestæ or to show intent or system. Besides the appellant had not been warned concerning some of the articles which were found on him.

**2.—Same—Affirmative Charge—Purchase—Defense.**

Where upon trial for burglary there was no evidence that the defendant gave an explanation as to how he came by the alleged stolen property and he simply stated that he did not remember; but there was evidence that he purchased the property in question, the court should have presented this question in his charge to the jury; and this, although there was proof as to other stolen property found in defendant's house but not in his actual possession.

**3.—Same—Charge of Court—Property Found—Possession.**

Where upon trial for burglary the evidence showed that a purse identified as that of the prosecutor was found in defendant's house, but not in his actual possession, it was error to charge the jury if they found the defendant was in possession of same and gave no explanation that they were authorized to consider it as a circumstance against him.

**4.—Same—Private Residence—Actual Use—Indictment.**

In a prosecution for burglary of a private residence where the indictment failed to charge that the same was occupied and actually used at the time of the offense by the prosecutor as a place of residence, the same was fatally defective.

Appeal from the District Court of Smith. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of burglary of a private residence at night; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Roy Butler,* for appellant.—On question of failure to submit charge on purchase: Wheeler v. State, 30 S. W. Rep., 915. On question of other offenses: McCloy v. State, 80 S. W. Rep., 47. On question of property found at defendant's home: Williamson v. State, 30 Texas Crim. App., 332.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the burglary of a private residence, at night, and his punishment fixed at confinement in the penitentiary for a term of seven years; hence this appeal.

The State's case depended on circumstantial evidence. Prosecutor, A. Baer, lived in Tyler. On the night of the alleged burglary he and his wife had gone to church, leaving their cook and children at home. Baer left a pair of pants hanging on a chair, either in the room where he and his wife slept, or in the adjoining room. They came back from church; and the wife testified that she saw the pants hanging on the chair after she returned. The next evening it was discovered that the pants were missing, and also a pocket-book in the pants-pocket, containing $48. Search was made for the pants and missing money, but they were not found. A week or so after the alleged burglary appellant (a negro carpenter living in Tyler), went to the store of Baer for the purpose of getting him to go on the bond of his brother, who had been arrested for some offense. When he approached, prosecutor informed him that he had on his pants, which had been stolen a short while before in the alleged burglary. In that connection he told him that he did not charge him with stealing the pants, but that he may have gotten them from some one, and asked him how he got them. Appellant stated he did not remember. Appellant was immediately arrested, carried to the justice of the peace, and while there he was discovered trying to get rid of a pin. This is not described, but it was presumably a breast-pin of some character. The pin was taken from him, either out of his mouth or in his hand near his mouth. He was also discovered handing a watch to his brother. His brother left with the watch, which was subsequently recovered. There was also discovered in appellant's trunk at his home, a pocket-book which was identified by prosecutor as the pocket-book which had been stolen from him on the night of the alleged burglary.

Appellant was carried to the jail immediately after his arrest. The next day, they sent to the jail for the pants he had on at the time of his arrest, and he furnished the jailer with a pair of pants somewhat of the same description as those claimed by prosecutor, which were carried to prosecutor, though he failed to identify them, stating they were not the pants appellant had on at the time he approached him in his store. The jailer testified that he discovered in the stove, evi-

dence of the burning of clothing, and a part of what he took to be the waist-band of a pair of pants that resembled in color the gray pants alleged to have been found by prosecutor on appellant. Appellant denied he had burned any pants in the jail; but testified that he only wore the pair of pants he had on in the store to the jail, and that these were the same pants he pulled off and sent the next day to the prosecutor; that the pants burned in the jail belonged to a prisoner who was lousy, and from whom they were taken by the prisoners and burned on that occasion. Appellant also proved as a part of his defense that he traded for the pants he had on in the store, and which were taken from him at the jail, with a yellow negro at his house about a week or so before he was arrested; that he gave for said pants a pair of over-alls. This was testified to by other witnesses. This is a sufficient statement of the testimony to discuss the assignments of error.

Appellant insists that the court committed an error in admitting against him evidence of other offenses in no wise connected with the offense for which he was being tried, to wit: evidence concerning the burglary of the premises of Fain, which occurred about September 8—the burglary of which appellant was then being tried occurring in October. And he also objected to the introduction in evidence against him of testimony regarding the watch found on him. We do not understand that the testimony about the watch showed appellant had stolen it, or had procured it in any previous burglary, but the circumstances connected therewith were of a suspicious character. These matters are presented in several bills of exception, and we believe that the evidence in regard thereto should have been excluded. It was not competent, appellant not having been warned, to show what appellant did, concerning said pin and watch in the justice court; and it was not competent to go further and show that these articles were the fruits of former crimes, inasmuch as they had no bearing on the case then being tried, either as a part of the res gestæ, to show intent, or system. Long v. State, 39 Texas Crim. Rep., 537.

Appellant also complains of the failure of the court to give the jury an affirmative charge on his defense of purchase of said pants, which he contends was the main criminative fact used by the State against him. We note in this connection that the court charged on explanation given by defendant, if any, at the time of his arrest. However, an examination of the record discloses that appellant gave no explanation, but stated to the prosecutor that he did not remember how he got the pants. There are some cases which hold, where an explanation was given at the time, and that is the same as testified to by witnesses on the trial, as appellant's defense, then a charge on explanation would be sufficient, as it presented the same matter. However, here, as stated, there was no explanation made. On the trial appellant proved by himself and other witnesses that he purchased or traded for the pants in question. This was a substantial

matter offered by defendant, meeting the State's case on its main criminative fact; and we hold that the court should have presented this question in the charge to the jury, so that they might have passed on the truthfulness thereof as a defense. It is no answer to this proposition that there were other criminative facts also against appellant. For instance that there was found at his house a pocket-book, taken at the same time of the alleged burglary, and with the pants, which prosecutor identified as his property. As to this there was no actual possession proven, but as to the pants there was. Appellant should have been afforded a charge presenting his theory as to how he came into possession of said pants. Alvia v. State, 60 S. W. Rep., 551; Bond v. State, 23 Texas Crim. App., 180; Smith v. State, 24 Texas Crim. App., 290.

The charge as to appellant's possession of the purse was also criticised. We think it is subject to the criticism. That is, it was suggested to the jury that if they found appellant was in possession of the same, and he gave no explanation, that they were authorized to consider it as a circumstance against him.

Although the question is not raised as to the sufficiency of the indictment, under a recent holding of this court the indictment is not sufficient, and a new one should be found. Zack Jones v. State, May 16, 1906. The indictment should charge not only that the house burglarized was the private residence of the prosecutor, but that the same was occupied and actually used at the time of the offense by said prosecutor as a place of residence.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.