### Zack Jones v. The State.

No. 4005.　Decided December 9, 1908.

Rehearing Denied March 17, 1909.

**1.—Burglary—Private Residence—Indictment.**

Where upon trial for burglary of a private residence the indictment alleged that the house at the time it was burglarized was actually used and occupied by the prosecutor (naming him) as the private residence of his family, the same was sufficient.

**2.—Same—Verdict—Indictment—Charge of Court—Private Residence.**

Where upon trial of burglary of a private residence, the indictment alleged this offense, and the court submitted the same to the jury, a verdict which found the defendant guilty of burglary as charged and assessed his punishment at five years imprisonment in the State penitentiary was responsive to the indictment and the court's charge; and it was not necessary for the verdict to recite that the burglary was of a private residence.

**3.—Same—Jury and Jury Law—Drawing Jury—Clerk.**

Upon trial for burglary there was no error that the clerk of the District Court assisted in drawing the jury, instead of the clerk of the Criminal Court. The clerk of the District Court, under the Act of the Thirtieth Legislature, is the proper person to draw the jury. Following Lee v. State, 54 Texas Crim. Rep., 382.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary of a private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. H. & Alice S. Tiernan,* for appellant.—On question of insufficiency of verdict: Jackson v. State, 21 Texas, 668; O'Connor v. State, 37 Texas Crim. Rep., 267, 39 S. W. Rep., 368; Martinus v. State, 47 Texas Crim. Rep., 528, 84 S. W. Rep., 831; Harris v. State, 17 Texas Crim. App., 132; State v. Pollock, 79 S. W. Rep., 980; 22 Enc. Ple. Prac., page 982, article 836-845 B. Penal Code; Smith v. State, 34 Texas Crim. Rep., 123, 29 S. W. Rep., 774; Stephens v. State, 36 Texas Crim. Rep., 386, 37 S. W. Rep., 425. On question of insufficiency of the indictment: Jones v. State, 50 Texas Crim. Rep., 100, 96 S. W. Rep., 44; Ranch v. State, 5 Texas Crim. App., 363; McLaurine v. State, 28 Texas Crim. App., 530, 13 S. W. 992; Warrington v. State, 1 Texas Crim. App., 168; Rose v. State, 1 Texas Crim. App., 400; Simpson v. State, 10 Texas Crim. App., 681.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted of burglary from which he has appealed to this court and asks this court to revise certain errors that he claims were committed in the trial in the court below.

The indictment has two counts, one charging an ordinary burglary, while the second count charges a burglary of a private residence. The case was submitted to the jury on the second count; that is, the burglary of a private residence. Defendant in the court below made a motion to quash the second count in the indictment and claims that the same is defective on the ground that it failed to allege the actual use and occupancy of the house by R. Bernadoni, but that it was used and occupied by his family and that it fails to set out the names of his family. The indictment in this case

alleges "that the defendant in the county of Galveston, in the State of Texas, with force and arms then and there in the night-time a certain house there situate, then and there actually used, occupied and controlled by R. Bernadoni as the private residence of his family feloniously, fraudulently and burglariously, etc." Now, the point is made that the house was not used by Bernadoni nor occupied by him, but by his family, and therefore the indictment is fatally defective. In the former appeal of this case, which will be found in the 50 Texas Crim. Rep., 100, 96 S. W. Rep., p. 44, the question of the sufficiency of the indictment came before this court for revision and the court held that the allegations as to being a private residence were not sufficient, the charging part of the indictment being as follows: "With force and arms then and there in the night-time a certain house there situate, then and there occupied and controlled by R. R. Bernadoni, the same then and there being a private residence." The court held that the indictment was insufficient. That the words "a private residence" was not sufficient and that the indictment in order to be complete should have alleged that said building was occupied and actually used at the time of the offense by prosecutor as a place of residence. Now, we think that the indictment in this case meets the suggestion of this court as pointed out in the Jones case, supra. The indictment alleges that the house at the time it was burglarized was actually used and occupied by the prosecutor as the private residence of his family. We think the bill of indictment is sufficient.

The next objection is that the verdict of the jury is a finding of a daytime burglary and is contrary to the charge of the court and the evidence in the case and that the verdict should have read, "We, the jury, find the defendant guilty of the burglary of a private residence and assess his punishment," etc., as the burglary of a private residence is a distinct offense. While it is true that the burglary of a private residence is a separate offense from an ordinary burglary, yet, nevertheless, it is a burglary, and this was the only issue that was submitted to the jury and their verdict was responsive to the charge of the court, and was a bar to any other prosecution. It will be noted further that the verdict of the jury in this case is that we find the defendant guilty as charged and assess his punishment. This was responsive to the charge of the court and the bill of indictment. Article 743, Code of Criminal Procedure, says: "A verdict is a declaration by a jury of their decision of the issue submitted to them in the case, and must be in writing and must be concurred in by each member of the jury." In Henderson v. State, 5 Texas Crim. App., 134, this court held, it is not necessary to name the offense in the verdict. Guilty as charged in the indictment is sufficient. We therefore hold that the verdict as returned by the jury in this case was in proper form and is not subject to the criticism made by appellant.

The remaining question in the case is that the clerk of the District Court and not the clerk of the Criminal Court assisted in drawing the jury, under the provisions of the Act of the Thirtieth Legislature providing for the selection of juries in counties having a population of more than twenty thousand. This question has been before this court and we have held adversely to appellant's contention and that under the provisions of said act that the district clerk, and not the clerk of the criminal court is the proper person to draw the jury. Lee v. State, 54 Texas Crim. Rep., 382. The proof establishes the guilt beyond question, and finding no error in the record the judgment is affirmed.

*Affirmed.*

[Rehearing denied March 17, 1909.—Reporter.]