### Henry Lewis v. The State.

No. 4011. Decided December 9, 1908.

**Burglary—Indictment—Statutes Construed—Private Residence—Night-Time.**

Upon trial for burglary of a private residence in the night-time, where the indictment failed to directly charge that the party controlling and occupying the house alleged to have been burglarized occupied the house as a residence, or that his family did so, the same was insufficient. Following Jones v. State, 50 Texas Crim. Rep., 100; Johnson v. State, 50 Texas Crim. Rep., 115.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Heidingsfelders,* for appellant.—On question of insufficiency of indictment: True v. State, 48 Texas Crim. Rep., 631; 89 S. W. Rep., 1066, and cases quoted in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed as five years confinement in the penitentiary.

The second count in the indictment charged burglary at night. The question is, whether it sufficiently charges the burglary as being of a private residence as required by the statute. Omitting formal parts, the indictment charges that "* * * in the nighttime, a certain house there situate, the same being occupied and actually used by a family as a private residence, then and there occupied and controlled by B. W. Collins feloniously, fraudulently and burglariously, by force, threats and fraud, did break and enter, with the intent then and there to commit the crime of theft," etc. This indictment is attacked as being insufficient in that it does not allege the house was then and there occupied and actually used by the family of B. W. Collins as a private residence at the time of the burglary; that it is not sufficient to allege that the house burglarized was occupied and actually used by a family as a private residence, but it should have gone further and alleged it was used by the family of B. W. Collins, therefore, it is defective and insuffi-

cient. We are of opinion the point is well taken. This indictment was framed under the Act of the Twenty-sixth Legislature (see General Laws of Twenty-sixth Legislature, page 318). As therein provided, article 839a reads as follows: "The offense of burglary of a private residence is constituted by entering a private residence by force, threats or fraud, at night, or in any manner by entering a private residence at any time, either day or night, and remaining concealed therein until night, with the intent, in either case, of committing a felony, or the crime of theft." The following article 845a provides the punishment at not less than five years in the penitentiary. Article 845b provides: "Nothing in articles 839a and 845b of this chapter shall be construed to alter or in any manner repeal articles 838 and 839 of this chapter, nor any part thereof, but shall be construed to make burglary of a private residence at night a separate and distinct offense from burglary, as defined in articles 838 and 839 of this chapter." Article 845c further provides that, "The term 'private residence,' mentioned in articles 839a, 845a and 845b of this chapter, shall be construed to mean any building or room occupied and actually used at the time of the offense by any person or persons as a place of residence." Recurring to the indictment, we see that the pleader charges that the house was occupied and actually used by a family as a private residence, but does not name any of the family as the occupant or person in control of the house or who used the house. The terms are general that a family used it as a private residence. The following clause that the house was occupied and controlled by B. W. Collins, does not allege that B. W. Collins or B. W. Collins' family actually used the house as a private residence. It is not directly charged that Collins occupied and used the house as a residence or that Collins' family did so. The statute provides, as above quoted, that the building or room must be *occupied* and *actually used* at the time of the offense by *some person or persons.* This statute was created for the purpose of imposing a different punishment upon burglars who entered private residences or houses occupied as private residences, and to make it a distinct offense. It therefore requires different allegations in an indictment charging this offense from one charging ordinary burglary, for the reason that the ingredients of the offense are different. It is necessary under these statutes that somebody occupy the room or the house burglarized as a residence, and the occupancy and residence of the party occupying must be charged in the indictment. That a family lived in the house, without naming somebody as the occupants, is not sufficient. That Collins or somebody may occupy or control the house is not sufficient. The party occupying and controlling the house as a private residence must be named as such occupant or resident. This indictment does not meet these requirements of the statute. We might infer that the pleader intended to say that some family was living in the house controlled and occupied by Collins, but

occupancy does not mean residence necessarily under our statute of burglary. It would have been a very easy matter to have complied with this statute by simply charging that Collins himself resided in the house, or that he and his family did so, and thus make the allegation conform to the statute with that directness required by our Code of Criminal Procedure.

We are, therefore, of opinion that this indictment is not sufficient. See Jones v. State, 50 Texas Crim. Rep., 100, and Johnson v. State, 50 Texas Crim. Rep., 116.

The judgment of the court below is reversed and the prosecution is ordered dismissed.

*Dismissed.*