## Dempsey Knuckles v. The State.

### No. 4123.     Decided December 9, 1908.

**1.—Burglary—Indictment—Night-Time Burglary.**

Where the indictment charged a night-time burglary and that the house was occupied as a private residence by one T. and his family it was not necessary to set out the names of the other members of the family.

**2.—Same—Evidence—Confession.**

Where upon trial for burglary the written confession of the defendant in evidence conformed to the requirements of the statute, and the defendant when arrested was charged with burglarizing the house in question, the same was sufficient and there was no error.

**3.—Same—Charge of Court—Confession—Warning.**

Upon trial for burglary where the written confession of the defendant was introduced in evidence, there was no error in the court's charge that no statement made by one under arrest could be used in evidence against him, unless before he made it he was warned that he did not have to make it, and if he did so it must be wholly voluntarily and concerning matter with which he was charged and that same would be used in evidence against him on his final trial; besides defendant's objection to the charge was not one of the requisites required in said written confession.

**4.—Same—Circumstantial Evidence—Charge of Court.**

Where upon trial for burglary the defendant confessed to the crime and various circumstances connected him with it, there was no necessity of a charge upon circumstantial evidence.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. H. & Alice S. Tiernan,* for appellant.—On question of indictment: Ranch v. State, 5 Texas Crim. App., 363; McLaurine v. State, 28 Texas Crim. App., 530; 13 S. W. Rep., 992; Warrington v. State, 1 Texas Crim. App., 168; Rose v. State, 1 Texas Crim. App., 400; Simpson v. State, 10 Texas Crim. App., 681; Jones v. State, 96 S. W. Rep., 44.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at five years confinement in the penitentiary.

The facts show appellant was charged with a daytime burglary, in first count, alleging in the last count a night-time burglary; that the house was occupied and controlled by B. G. Tartt, and that it was actually used and occupied as a private residence by the family of the said B. G. Tartt.

Appellant's first ground in motion for a new trial insists that the court erred in overruling the motion in arrest of judgment, because the indictment in the second count, wherein appellant is charged with entering the house in question, attempts to charge the burglary of a private residence actually used and occupied as such in the night-time, the charging part being as follows: "With force and arms, then and there in the night-time, a certain house there situate then and there occupied and controlled by B. G. Tartt, which said house was then and there actually used and occupied by the family of B. G. Tartt as a private residence," appellant insisting that said allegation does not charge that said B. G. Tartt actually used and occupied the house in question, but that same was actually used and occupied by the family of B. G. Tartt, who being the injured parties it became necessary to state their names, because the names of injured parties must be given in the indictment. That the facts show that the alleged burglary was committed in the night-time, hence this is the only count that appellant could be convicted on, and this count being defective for the reasons stated above, the judgment should be vacated. We think the criticism of the indictment suggested above is hypercritical. Certainly, if the family of B. G. Tartt occupied said house as his residence, then certainly B. G. Tartt occupied said residence also, and it would be immaterial furthermore whether B. G. Tartt occupied it, if his family did, since the statute only requires a residence to be a private residence and occupied by a family.

A bill of exceptions presents the following: Fred L. Rexer, a policeman of the city of Galveston, testified he arrested appellant on this charge, and that after the arrest appellant made a statement about the burglary. He further testified that the paper offered in evidence was signed by the defendant; that he, Rexer, was present when Captain Haines wrote said statement or confession. That

Haines got the information about the facts he put in the paper from the defendant, Dempsey Knuckles, as to the facts stated therein. That defendant was warned by the said Rexer before he, defendant, made any statement; that Rexer went and got an outside man in the building to come in and witness this statement before it was signed. After this predicate the district attorney offered the following statement: "I, Demps Knuckles, having been duly warned by Officer Fred Rexer that I do not have to make any statement at all, and that any statement made by me may be used in evidence against me on my trial for the offense concerning which this confession is made, say that I entered the residence of B. G. Tartt at 1226 Avenue J. I got in through a southeast window facing the beach between 12 and 1 o'clock on Sunday morning, January 13, 1908. I took one ham from a plate on the icebox, and one Stetson hat from a hat rack. I took the ham to my sister, Bessie Childs, on 29th St., between Avenue G and H, and I pawned the hat in my own name in 'Manos' pawn shop for fifty cents.

"(Signed) Dempsey Knuckles. ·

"Witnesses—M. H. Kory, Fred L. Rexer.

"Sworn to and subscribed before me on this 13th day of January, 1908.

"(Signed) E. V. Haines, Notary Public in Galveston County, Texas."

Appellant objected to the introduction of this confession on the ground that the same was not properly authenticated; that the requirements of the statute that the offense with which the defendant was charged at the time of his arrest should be therein stated, and as the charge at the time of his arrest could be identified with the one concerning which the confession was made and for which he was tried; and that the warning required by the statute is not properly set out in the said statement or confession. We do not think any of these objections are well taken or correct. The appellant was arrested and charged with burglarizing the house in question, and the statement has reference to that house. Appellant insists that the court erred in charging the jury that no statement made by one under arrest can be used in evidence against him unless before he made it he was warned that he did not have to make it, and that if he did so, it must be made wholly voluntarily and concerning matter with which he was charged and that same would be used in evidence against him on his final trial. Appellant insists that the charge was incorrect, because the same should have told the jury that the alleged confession should have reflected those facts, not only that the warning must have been given, but the confession itself must in writing so state. Besides, as appellant insists, the court should have charged that the one giving the warning, or who had defendant under arrest, should have told him with what offense he was charged, which should have been stated also in the alleged confession. The

old statute, in reference to confession, merely required a proper warning; then, any statement, either oral or written, after said warning, that appellant might make, would have been admissible in evidence against him. The last Legislature, however, saw fit to provide that no confession, however clear the warning, should be admitted unless the same was in writing and properly sworn to. It provides that said written statement must contain certain requisites, but the suggestion here made by appellant is not one of those requisites.

Appellant further insists that the court should have charged on circumstantial evidence. We do not think this is correct. He confessed to the crime and various circumstances connected him with its commission.

Finding no error in the record, authorizing a reversal, the judgment is affirmed.

*Affirmed.*