## Mose Sedgwick v. The State.

### No. 195.   Decided December 15, 1909.

**1.—Burglary—Former Jeopardy—Dismissal—Private Residence—Specific Offense.**

Where, upon trial for burglary of a private residence, the defendant interposed a plea of former jeopardy, it appeared from the record on appeal that the defendant in the former case had not entered a plea of guilty or not guilty; that the offense charged against him in the first case was for burglary under the general burglary statute, and was dismissed by the State because of variance between the evidence and the allegations in the indictment, there was no error in the court's ruling sustaining an exception to such plea, as under article 839a, Penal Code, the burglary of a private residence is a specific offense, separate and distinct from burglary as defined in articles 838 and 839, Penal Code.

**2.—Same—Indictment—Occupancy of Private Residence.**

In a prosecution of burglary of a private residence, where the indictment charged that the burglarized house was then and there the private residence of the said W. S., and the said W. S. was then and there using said house as a private residence, it was sufficiently alleged that the said house was occupied by the said W. S. as a private residence. Following Knuckles v. State, 55 Texas Crim. Rep., 6.

**3.—Same—Insufficiency of the Evidence—Rape.**

Where, in a prosecution of burglary of a private residence, one of the counts in the indictment alleged the burglarious entry with the intent of committing rape, and the evidence showed that the defendant, at night, appeared at the window of the alleged house, near the bed of the alleged injured female, then occupied by her, and that when discovered by her was partly inside the house; that she screamed, caught hold of him, and pushed him out, and then raised the alarm, and that defendant fled, but was afterwards found, and denied the charge, etc., the same is insufficient to convict on the question of intent to rape. Ramsey, Judge, dissenting.

Appeal from the District Court of Williamson.   Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of burglary of a private residence; penalty, ten years imprisonment in the penitentiary.

*J. F. Taulbee,* for appellant.—On the question of the insufficiency of the evidence:   Hamilton v. State, 11 Texas Crim. App., 116; Allen v. State, 18 Texas Crim. App., 120; Turner v. State, 24 Texas Crim. App., 12; Coleman v. State, 26 Texas Crim. App., 252; Walton v. State, 29 Texas Crim. App., 163; Mitchell v. State, 33 Texas Crim. Rep., 575, 28 S. W. Rep., 475.   On the question of former jeopardy:   Troy v. State, 10 Texas Crim. App., 319; Grisham v. State, 19 Texas Crim. App., 504; Munch v. State, 25 Texas Crim. App., 30; Woodward v. State, 42 Texas Crim. Rep., 188; Scott v. State, 68 S. W. Rep., 680.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This appeal is prosecuted from a conviction

had in the District Court of Williamson County on June 23, of this year, wherein the appellant was convicted of the offense of burglary and his punishment assessed at confinement in the penitentiary for ten years.

1.   On call of the case appellant interposed a plea of former jeopardy alleging that on the 25th day of January, of this year, he was put upon his trial for the same offense and that on the last named date he was arraigned, a jury having been theretofore empaneled and sworn to try said cause, and over his objection the State dismissed said cause.   It is averred that the case with which he now stands charged and is now being put on trial is one and the same case, involving one and the same transaction for which he was put upon trial in January; that the dates are the same, the house alleged to have been burglarized the same, and the time and manner of commission of said offense are one and the same transaction for which he was heretofore put upon his trial.   Attached to this motion is a copy of the indictment in which it appears that in the cause called in January appellant was charged with the offense of burglary of a house belonging to one Woody Salyer, without any allegation as to whether said house was a private residence or not.   The State interposed a demurrer to the sufficiency of this plea and claimed that the same was insufficient and set up no defense for the reason that it is therein affirmatively shown that the offense charged in the indictment of said cause is not the same offense charged by the indictment upon which the defendant is now put upon trial; and, second, that it is affirmatively shown by said plea that the defendant was never arraigned in said cause and never put upon his trial therein, and never answered to the indictment in said cause.   The judgment dismissing the cause which is also attached to the plea stated, in substance, that the parties announced ready for trial, that a jury was empaneled and sworn, and that thereupon the district attorney stated to the court that it had been developed that there would be a variance between the evidence and the allegations in the indictment, and that the indictment is drawn under the general burglary statute, while the evidence would show burglary of a private residence and asked that the case be dismissed; whereupon, said case was dismissed by the court to which action the defendant excepted.   It does not appear either from the plea or the judgment that appellant in the first case entered any plea of guilty or not guilty.   As early as the case of Osborne v. State, 42 Crim. Rep., 557, it was held that under article 839a, Penal Code, the burglary of a private residence is specifically made a separate and distinct offense from burglary as denounced in articles 838 and 839, and that where an indictment for burglary alleged an ordinary burglary, and the proof showed burglary of a private residence, the variance was fatal and the conviction illegal. This case has been repeatedly followed and is the settled doctrine

in this court. It is, too, we think, undoubtedly the rule that it is essential to a good plea of former jeopardy that the plea must aver and show a valid indictment before a court having jurisdiction of the offense; that the jury is empaneled and sworn and issue joined, and that the offense in which the jeopardy is alleged to have arisen must be the same offense as that for which he is prosecuted in the later charge. Tested by these rules we do not think the plea is sufficient or that the court erred in sustaining exceptions to same.

2. It is claimed that the indictment in this case is insufficient to charge an offense against the laws of this State and in support of this contention we are referred to the case of Lewis v. State, 54 Texas Crim. Rep., 636, 114 S. W. Rep., 818. The indictment here is readily distinguishable from the indictment contained in the Lewis case, supra, and is more like the form considered by the court and held sufficient in Knuckles v. State, 55 Texas Crim. Rep., 6, 114 S. W. Rep., 825. In the Lewis case the indictment was held insufficient because it was not averred in terms that Collins, the owner of the house, occupied same as a private residence. In this case, touching this matter, the indictment contains the following averment: "Said house was then and there the private residence of the said Woody Salyer and the said Woody Salyer was then and there using said house as a private residence." The indictment in the Knuckles case contained this allegation: "With force and arms, then and there in the night-time, a certain house there situate, then and there occupied and controlled by B. G. Tartt, which said house was then and there actually used and occupied by the family of B. G. Tartt as a private residence." Discussing this question Judge Brooks, speaking for the court, used this language, after stating that appellant insisted that the allegations do not charge that Tartt actually used and occupied the house in question: "The criticism of the indictment suggested above is hypercritical. Certainly if the family of B. G. Tartt occupied said house as his residence, then certainly B. G. Tartt occupied said residence also; and it would be immaterial, furthermore, whether B. G. Tartt occupied it if his family did, since the statute only requires a residence to be a private residence and occupied by a family." We think the indictment in this case more definite than the one considered and sustained in the Knuckles case, supra, and that it meets the requirements of the statute.

3. The third and last question raised on the appeal relates to the sufficiency of the evidence. The evidence showed that on the night in question Woody Salyer, the husband, was away from home. Appellant was a negro living on the place and occupying a little house near the Salyer residence. Mrs. Salyer was at home with their small children. Another white family was occupying a small house nearby. The testimony of Mrs. Salyer is to the effect, in substance, that about nine o'clock on the night in question appellant appeared at the window

near the bed she was occupying and when discovered by her was partly inside the house and she screamed, caught hold of him and pushed him out; that she raised an alarm and finally went to where Mr. Fellows and his wife were and woke him up; that they went out to the seedhouse where appellant was supposed to be and Mr. Fellows called for him and he answered out at the back of the seedpen in a cane patch and that Mr. Fellows said "What are you doing?" and he replied, "I heard that lady holler that there was a negro getting into her window, and I jumped out of my bed and ran in here to keep her from thinking it was me." That thereupon Mrs. Salyer replied, "It was you," and Mr. Fellows said, "Come back here, we won't hurt you," and witness heard him run through the cane patch. Appellant had no business in, or right to enter the house where this woman was. His visit there was for no good purpose; the circumstances of his entry, to the mind of the writer, forbid the suggestion that his intent was to commit theft. It is certain that he was not there by invitation, and it is equally evident that he had no right to believe that Mrs. Salyer would either recognize or consent to any attentions from him. In my opinion, the conclusive and inevitable result is that he went there for a base and unlawful purpose. That purpose, as I believe, the jury were justified in believing was to commit the offense of rape. At least the evidence raises this issue and is, I think, sufficient to justify this conclusion. The majority of the court hold that under the authorities the proof does not support the conclusion that his purpose was to commit the offense of rape. It is to be conceded that this holding finds much support in the books.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*