GLENN ROBINSON v. THE STATE.

No. 2680. Decided October 29, 1913.

1.—Burglary—Indictment—Theft—Pleading.

Where a burglary is charged to have been committed with the intent to commit theft, the indictment must set out the elements of theft, and where this was not done, the same was fatally defective. Following Williams v. State, 41 Texas, 98, and other cases.

2.—Same—Continuance—First Application—Cumulative Evidence.

The rule of cumulative evidence does not apply in a first application for continuance, and where the diligence was sufficient and the absent testimony material, the continuance should have been granted.

3.—Same—Defensive Theory—Charge of Court.

Where, upon trial of burglary, the court ignored in his charge the defensive theories, the same was reversible error.

Vol. 71 Crim.-36.

**4.—Same—Charge of Court—Defensive Theory.**

A defendant in a criminal cause is entitled to a distinct and affirmative charge on any theory that may be presented by the evidence and which tends to exonerate him, or about which the jury might have a reasonable doubt, and the court's failure to do this was reversible error.

Appeal from the District Court of Caldwell. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jno. N. Gambrell,* for appellant.—On question of court's refusal of requested charges: White v. State, 18 Texas Crim. App., 57; Irvine v. State, 20 id., 12; Herron v. State, 20 id., 296; Merriwether v. State, 55 Texas Crim. Rep., 135, 115 S. W. Rep., 44; White v. State, 60 Texas Crim. Rep., 519, 132 S. W. Rep., 772; Alvia v. State, 60 S. W. Rep., 551.

On question of overruling motion for continuance: Wilson v. State, 18 Texas Crim. App., 576; Keys v. State, 60 Texas Crim. Rep., 279, 131 S. W. Rep., 1068.

On question of insufficiency of the indictment: Portwood v. State, 29 Texas Crim. App., 47, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—The indictment contains two counts, the first charging burglary of a private residence at night; the second count charges a daytime burglary of a private residence. The conviction occurred under the second count.

Without going into the question as to whether or not the second count was vicious in undertaking to charge a daytime burglary of a private residence because there is no such offense, or whether that part of the indictment should be treated as surplusage, we find an objection urged against the indictment that seems to be fatal. The burglary was charged with intent to commit theft. The language is "with the fraudulent intent of him, the said Glenn Robinson, to take from said house corporeal personal property therein being and belonging to the said Sylvester Styles, without his consent, and with the intent then and there to deprive the said Sylvester Styles, the owner of said property, of the value thereof, and to appropriate the same to the use and benefit of him, the said Glenn Robinson." Among other things, it is contended that this indictment does not charge the property was taken from the possession of Styles. It does charge it was taken without his consent, and with the intent to deprive Styles, the owner of the property, of the value thereof, and to appropriate the same to the use and benefit of the defendant, but it does not charge it was taken from his possession. If this had been an indictment charging theft it would have been necessary to charge that the property was taken

from the possession of the alleged owner. It is a familiar rule laid down by the authorities that where the burglary is charged to have been committed with the intent to commit some specific crime—and it must be a felony or theft—the allegations of the crime intended to be committed or actually committed must be charged in all of its elements. The authorities are quite numerous and many of them will be found collated in Mr. Branch's work on Criminal Law, sec. 155. The general proposition may be stated, that the indictment in addition to alleging the burglary, must also allege each element of theft or the felony intended to be committed. Williams v. State, 41 Texas Crim. Rep., 98; Wilburn v. State, 41 Texas Crim. Rep., 237; Brown v. State, 7 Texas Crim. App., 619; Rodriguez v. State, 12 Texas Crim. App., 552; Reed v. State, 14 Texas Crim. App., 586; Treadwell v. State, 16 Texas Crim. App., 643. We call special attention to the cases of Reed and Treadwell, supra. It is deemed unnecessary to follow this further. The indictment is fatally defective in not alleging the elements of the intended crime.

Another question was raised and seriously urged, which we believe to be well taken; that is, the court refused to continue the case on account of absent witnesses. The diligence was ample, and the testimony was certainly very material. The court in qualifying the bill seems to have overruled the application mainly on the theory that it was cumulative. This was the first application. The rule of cumulative evidence does not apply. It is only on second or subsequent applications that that rule applies. It is not deemed necessary to discuss this further and it may not arise upon another trial.

The defendant had a theory in this case as well as the State, and urged it by testimony to the effect that he did not enter the house and did not steal the pistol; that he bought the pistol from the alleged owner; that he first traded him a horse for it, and the alleged owner becoming dissatisfied he traded back, and subsequently bought the pistol and took possession of it and had it. There was testimony introduced along this line. The court ignored this in his charge. This was error.

The court charged on circumstantial evidence, and gave a general definition of alibi. Appellant requested instructions, among other things, as follows: "But if you have a reasonable doubt from the evidence either that the defendant as alleged entered the private residence of the said Styles at night by force or that he entered said residence in any manner, at any time, either day or night, and remained concealed therein until night, with the intent in either case of committing the crime of theft, or that he took from said house having so entered the pistol offered in evidence, or if you believe from the evidence that said pistol at the time was the property of defendant, or if you have a reasonable doubt from the evidence that the pistol was the property of the said Styles, in either event you will find the defendant not guilty." This was asked to be applied to the first count. In regard to the second count, he asked this charge: "But if you have a reasonable doubt that the said Styles was the owner of said pistol and in possession

of the same at the time of the alleged burglary, or if you have a reasonable doubt that the defendant in the daytime with felonious intent by breaking, entered said house and took said pistol therefrom in either event you will acquit the defendant on said count." These charges were refused and exceptions properly reserved. This matter is also raised in the motion for new trial, both in refusing to give the charges .requested, and in the court failing to give proper charges with reference to appellant's ownership of the property. It is unnecessary to ·discuss these matters. A defendant is entitled to a distinct and affirmative charge on any theory that may be presented by the evidence which tends to exonerate him from the charge, or about which the jury might have a reasonable doubt of his guilt.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*