## GEARY v. STATE. (No. 9892.)

(Court of Criminal Appeals of Texas. March 24, 1926.)

1. **Burglary ⚖⇒20—Indictment for burglary of private residence must specifically allege that residence was room or house occupied as such at time entry was made by party alleged to own it.**

Indictment to charge burglary of private residence must specifically allege that residence was room or house occupied at time entry was made as private residence by party alleged to own it.

2. **Burglary ⚖⇒21—Indictment for burglary of private residence failing to state that residence was occupied by named person as private residence, and failing to allege necessary elements of theft, held fatally defective.**

Indictment charging that accused unlawfully, at night, by force, threats, and fraud, did break and enter private residence which was occupied by M., with intent to commit crime of theft, *held* fatally defective, since it failed to state that it was occupied by M. as private residence, and failed to allege elements necessary to make theft.

Commissioners' Decision.

Appeal from District Court, Delta County; J. M. Melson, Judge.

Judge Geary was convicted of burglary, and he appeals. Reversed, and prosecution ordered dismissed.

O. C. McKinney, of Cooper, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. [1, 2] The offense is burglary; the punishment is two years in the penitentiary. A motion to quash the indictment was filed, in which it was alleged that the indictment did not charge the burglary of a private residence as it attempted to do, and that it did not charge burglary at all. The indictment as found in the record attempted to charge the burglary of a private residence. In order to do that, it is necessary to specifically allege that the residence was a room or house occupied as a residence by the party who is alleged to own the residence, and it must allege that it was so occupied at the time the entry was made. The indictment in the instant case says that the appellant unlawfully, at night, by force, threats, and fraud, did break and enter the private residence there situate and occupied by Arbuckle

Martin, but it fails to state that it was occupied by Martin as a private residence. The indictment further states that the breaking was done with the intent to commit the crime of theft, and does not allege the elements necessary to make theft.

The state's attorney confesses error in this case, and concedes that the indictment is wholly insufficient. We have examined the authorities cited by the state and are convinced that the state's position in the matter is correct. The following authorities seem to hold beyond question that the indictment is fatally defective. Johnson v, State, 96 S. W. 45, 50 Tex. Cr. R. 116; Jones v. State, 96 S. W. 44, 50 Tex. Cr. R. 100; Lewis v. State, 114 S. W. 819, 54 Tex. Cr. R. 636; Treadwell v. State, 16 Tex. App. 643; Williams v. State, 5 S. W. 838, 24 Tex. App. 69; Fox v. State, 135 S. W. 570, 61 Tex. Cr. R. 544; Reed v. State, 14 Tex. App. 662; Robinson v. State, 160 S. W. 456, 71 Tex. Cr. R. 561.

Because the indictment is fatally defective, the judgment of conviction is reversed, and the prosecution is ordered dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.