CARL MOORE v. THE STATE.

No. 13336. Delivered May 14, 1930.
Reported in 28 S. W. (2d) 151.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary of a private residence; punishment, five years in the penitentiary.

But one question seems to call for discussion. Appellant made a motion to quash the indictment upon the ground that same failed to allege that the private residence charged to have been burglarized, was occupied and "actually used" as a residence by some person named, at the time of the alleged burglary. The motion was overruled. In this we think the learned trial judge in error. Jones v. State, 50 Texas Crim. Rep. 100; Johnson v. State, 50 Texas Crim. Rep. 116; Lewis v. State, 54 Texas Crim. Rep. 636; Geary v. State, 281 S. W. 1061.

Since the rendition of the opinion in Jones v. State, supra, this court seems to have uniformly adhered to the rule there laid down that the words "occupied and actually used" were so descriptive of the character of the residence as to make it necessary that they be used in the indictment charging a burglary of a private residence. Following the rule that such indictment as the one before us is bad, the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*