the escapee within ten days to the officer from whom he escaped.

The direct question here involved was before this court in Pendergrass v. State, 92 Tex.Cr.R. 467, 244 S.W. 513, wherein we held that a recapture after being at liberty one day was not a voluntary return within the meaning of the statute.

Accordingly, the state's motion to dismiss the appeal is well taken and the appeal is dismissed.

Opinion approved by the court.

## CUNNINGHAM v. STATE.
### No. 25872.

Court of Criminal Appeals of Texas.
June 4, 1952.

No attorney for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is burglary; the punishment, 5 years.

Our able State's Attorney has called our attention to two fatal defects in the indictment herein.

Judge Davidson, in Robinson v. State, 71 Tex.Cr.R. 561, 160 S.W. 456, 457, said:

"It is a familiar rule laid down by the authorities that where the burglary is charged to have been committed with the intent to commit some specific crime—and it must be a felony or theft—the allegations of the crime intended to be committed, or actually committed, must be charged in all of its elements."

The instant indictment charges that the burglary was committed with the intent to commit the crime of theft, yet it fails to give the name of the person from whose possession the property was taken, and further fails to allege the lack of consent of such person.

The judgment is reversed and the prosecution dismissed.