James Conners v. The State.

*No. 17. Decided January 18.*

1. **Burglary and Theft—Charge of the Court.**—See the opinion for a charge set out which is held not obnoxious, as defendant contends, to the objection that it fails to charge as to ownership in the alleged owner, and authorized a conviction for other and different property than that alleged in the indictment.

2. **Same—Bona Fides of Defendant.**—On a trial for burglary with intent to commit theft, where defendant claimed that he was employed by a third party to assist him in taking and carrying away the goods from the house alleged to have been burglarized, *held*, that if at the time of his employment, or during the interval elapsing before the store was entered, he either knew or had reasonable grounds to believe that the transaction in which he was engaged was dishonest, he would be guilty; or if originally honest, he was put upon notice that the entry was fraudulent, his good faith at the inception of the enterprise would afford him no protection.

3. **Defendant's Explanation of Possession of Property Recently Stolen—Charge.**—In order to warrant or demand a charge as to defendant's explanation of his possession of property recently stolen, such explanation or account must be a reasonable one.

4. **Charge of Court — Circumstantial Evidence.** — Unless the testimony in a case is of purely a circumstantial character, the court is not required and should not charge upon that phase of the law.

5. **Theft—Evidence Sufficient.**—See facts stated which were held by the court to be amply sufficient to support a conviction for theft of goods.

Appeal from the District Court of Dallas. Tried below before Hon. R. E. Burke.

Appellant was indicted for burglary with intent to commit theft, by entering, in the nighttime, the store house of one C. W. Faut, by force, and fraudulently taking therefrom two cases of tobacco of the value of $5 each, and 700 cigars, to the value of $3.50 per hundred, same being the property of Faut, and taken from his possession, and without his consent. At his trial he was convicted of theft, and given two years in the penitentiary. The testimony for the defense was that he was drunk, and about 1 o'clock at night he was approached by a stranger, who employed him to go with him and get the goods, and who represented himself as the owner. That he went with this other man to a distant part of the city, to the store house of Faut, and not being able to get in at the front door, they went to the back of the house, and removed a window pane from the window, and the stranger went in and brought the goods out and gave them to defendant. When arrested defendant was found in possession of some of the stolen goods.

*Stilwell H. Russell*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant, under an indictment charging burglary and theft, was convicted of theft, and his punishment assessed at a term of two years in the penitentiary. The occupancy of the house and ownership of the stolen property were alleged and proved to be in C. W. Faut, without contradiction.

About the hour of 2 o'clock, at night, the defendant was found a short distance from the burglarized house, in possession of the stolen property. He was arrested; his confederate succeeded in escaping. To the officers arresting him he stated, that he was met by a stranger, and induced, under promise of pay, to accompany him to the store burglarized for the purpose of carrying goods therefrom; that said stranger informed him the goods to be carried away were partnership property of himself and another; that he acceded to the proposition, and accompanied him; that when they reached the store they sought an entrance through the front door, and failing in this, went to the rear and took out a window light, and the stranger entered, secured the goods, handed them out to him, and they together were carrying them away when arrested. Defendant proved that he was drinking at the time, and testified himself that he did not go to the store, but waited the return of the strange employer at some distance from the store, and while so waiting fell asleep, and was aroused by the stranger on his return, who gave him the goods taken from the house It was after midnight when he was met by the unknown man, and entered into the agreement. He was warned at that time by a friend, who informed him the stranger was a "crook."

In addition to the statutory definition of theft, the court charged the jury: "If * * * defendant Conners did by force break and enter a house occupied by C. W. Faut, without the consent of Faut, and did then and there commit the offense of theft—that is, that he did, without the consent of Faut, take, steal, and carry away from and out of the possession of Faut the property of the kind, character, and description set out in the indictment—and you further find said property was taken by defendant with fraudulent intent to deprive Faut of the value of the property so taken, and to appropriate the same to defendant's own use and benefit, you will find him guilty." * * * This instruction was excepted to, because it fails to charge as to ownership in Faut, and authorizes a conviction of theft of other and different property than that alleged. The charge as a whole is sufficient, and the criticisms are rather hypercritical than otherwise. We do not think the charge authorized a conviction for theft of property other than that averred. It was the only property mentioned in the evidence by the witnesses.

In reference to defendant's explanation and the account given of his connection with the offense, the court instructed the jury: "If the offense was committed by an unknown party, and defendant was present, but did not know of the fraudulent intent of this unknown man in com-

mitting such offense, and aided in carrying away the property taken out of Faut's house, believing that no offense had been committed, or if you believe that the defendant was not actually present at Faut's house when the same was entered by the unknown man, if you find it was so entered, and he, defendant, afterward aided the unknown man in removing the goods, then he can not be convicted under this charge, although he may have known the goods were stolen."

If at the time of his employment, or during the interval elapsing, until the store was entered, he knew, or had reasonable grounds to believe, the transaction in which he was engaged was dishonest, he would be guilty; or if originally honest, he was put upon notice that the entry was fraudulent, his good faith at the inception of the enterprise would afford him no protection.

Had the court in terms charged in relation to defendant's good faith under the contract of employment, then it would have become necessary for a due administration of the law for the court to charge the propositions above stated. Hence the charge as given was favorable to defendant. The issue of his good faith or belief, however, having been once directly and pertinently charged, it was unnecessary to repeat it in another form. The facts supporting or tending to support that theory would necessarily be relied upon to support the truth of his explanation as to his employment. It is scarcely possible that a jury could be found to credit the explanation given by the defendant of his possession of the property, and manner of acquiring it, and yet acquit him.

In order to call for a charge in relation to an account given by a defendant of his possession of property recently stolen, such account must be reasonable. The facts in the record do not constitute this a case of circumstantial evidence, hence the court did not err in failing to charge upon this phase of the law. The evidence supports the judgment. About 1 o'clock at night a stranger approached and employed defendant; over the warning of his friend that the stranger was a "crook," he agreed to assist in removing some goods from a store at that hour of the night. They went to a distant portion of the city, entered the house by removing a light from a rear window, about 2 o'clock in the morning, and carried away the goods. That defendant could have been otherwise than guilty under such a state of facts is hardly possible. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.