# TYLER TERM, 1893.

JOHN MATHEWS v. THE STATE.

*No. 623. Decided October 21.*

1. **Continuance—Bill of Exceptions—Practice on Appeal.**—Without a bill of exceptions, the action of the trial court refusing a continuance will not be revised on appeal.

2. **Theft—Charge—Reasonable Explanation—Purchase.**—On a trial for theft of cattle, where defendant, in explanation of his possession, claimed to have purchased the animals, a charge of court which instructs the jury, " If you find that defendant bought the two head of cattle he is charged with stealing, or if you have a reasonable doubt as to his having bought said cattle, you will acquit him." pertinently and correctly submits his explanation, and further instruction as to the law of reasonable explanation of possession is uncalled for and unnecessary.

3. **Argument of Counsel—Improper Remarks.**—To avail of improper remarks of counsel on appeal, the record must show, that defendant requested the court to instruct the jury to disregard such remarks; and where this was not done, and it appeared that where objection was made to improper remarks of counsel the objection was promptly sustained by the court, and the attorney offending admonished to keep within the record: *Held*, no injury is made to appear.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

Appellant and one Claude Phillips were jointly indicted for the theft of two head of cattle, the property of John Solomon.

Appellant requested a severance on the trial, which having been granted, he was alone placed on trial, and the trial resulted in his conviction, with the punishment assessed at two years in the penitentiary.

John Solomon testified, in substance: That he missed the cattle from his pasture in Cooke County about the 9th of March. A few weeks afterwards he found them in Montague County in possession of a party who was driving them to the Indian Territory. That this party had bought the cattle from John O'Brien, and that when he, witness, had proved his title, this party gave him an order upon O'Brien for the value of the cattle, which order O'Brien paid.

O'Brien corroborated the testimony of Solomon, and testified that he had purchased the animals from Charley Paul.

Charley Paul testified: That he bought the animals from defendant, and gave him a six-shooter and $6 in money for them. Other evidence showed that defendant was arrested in La Salle County, Texas, about 400 miles from Cooke County.

Defendant, in his own behalf, testified, after being duly sworn: On or about the 1st day of March, 1893, John Childers, Claude Phillips, and myself were leaving the town of Muenster, Cooke County, Texas, and when about one-half mile east of Muenster we met a German driving two head of cattle, and I proposed to buy them from him. He offered to take $12 for them. I borrowed the money from Claude Phillips, and paid him for them. One of them was a 2-year-old red steer; the other a blue roan steer yearling. I drove the cattle that night to the "Luella" pasture, where they stayed until the next morning, when I drove them to Lote Swage to sell them to him. He was not at home. I traded the cattle to Charley Paul for a pistol and $6.

Cross-examined: Yes, I left Cooke County right soon after this trade. I went to Hunt County, Texas, and stayed awhile there. I went to Webb County, Texas, to my cousin William Mathews. Yes, I got several letters from Cooke County while I was in Hunt County. I got letters from my mother and sister. Yes, I got letters from Charley Paul. My letters were not directed to John Mathews, but they were directed to Jim Elliott, who was a half-brother of mine. Yes, I got some letters while in Webb County; they were directed to my cousin, William Mathews, and some of them were directed to me. The reason I left Cooke County was to go to work for my cousin in Webb County, to pay him an old debt I owed him. Yes, I went through Hunt County to go to Webb County.

Redirect examination: The reason I had my letters addressed to Jim Elliott, in Hunt County, was, there was another John Mathews there, and I did not expect to stay long, and he could get them and send them to me. Jim Elliott is a half-brother of mine. I was arrested in Webb County, about thirty miles from Cotulla, La Salle County, where George Rosseau came for me. A deputy sheriff and a ranger arrested me; after they did so, they sent me into a pasture to get my horse. I went alone; could have gotten away if I had wanted to. In going to Cotulla, the officers and I stopped at a dance, and at Cotulla the officers let me go where I pleased, and I went to the depot and met the officer, George Rosseau, from Cooke County. A man of the name of H. May came to me with a horse, and told me to get on him and leave. I told him that I had done nothing to run from, and I did not want to escape.

John Childers, being sworn, testified, for the defendant: I was present when defendant bought two cattle from a man; I think he was a German; that was about half a mile east of Muenster, in Cooke County. They were a 2-year-old red steer, the other a blue roan yearling. The defendant paid $12 for them; he got the money from Claude Phillips.

Cross-examined: I have known defendant a good many years. We were never in the cattle business together. Yes, he has helped me to drive some, a few times. I don't know where defendant carried the cat-

tle after buying them. I left him there, and went back to Muenster to get some more whisky. No, I never saw that man before nor since that defendant got cattle from. Don't know who he was.

*A. M. Green* and *G. H. Culps*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This appeal is prosecuted from a conviction of cattle theft.

1. Without a bill of exceptions reserved, the action of the court refusing a continuance will not be revised on appeal. Willson's Crim. Proc., sec. 2187.

2. Error is assigned because of the supposed failure of the court to instruct the jury in regard to defendant's explanation of his possession of the alleged stolen cattle. Upon this phase of the case the court charged the jury as follows, to-wit: "If you find that defendant bought the two head of cattle he is charged with stealing, or if you have a reasonable doubt as to his having bought said cattle, you will acquit him."

The defendant accounts for his possession of the cattle through purchase from a German. The charge pertinently and correctly submits this explanation to the jury. He gave no other explanation of his possession. The charge as given is the law applicable to that phase of the case. Williams v. The State, 29 Texas Cr. App., 167; Conners v. The State, 31 Texas Cr. Rep., 453.

3. Defendant's objection to the alleged improper remarks of the county attorney were promptly sustained by the court, and the attorney admonished to keep within the record. The defendant did not request instructions to the jury directing them to disregard said remarks. Young v. The State, 19 Texas Cr. App., 536; Kennedy v. The State, 19 Texas Cr. App., 618; Willson's Crim. Proc., sec. 2321.

No injury is shown. Defendant received the lowest term of punishment. We find no error in the record requiring a reversal, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.