ANDY THOMPSON v. THE STATE

*No. 1064.　Decided January 27th, 1897.*

*Motion for Rehearing Decided February 24th, 1897.*

**1.　Betting at a Game Played With Dice—"Craps."**

On a trial for betting at a game played with dice, commonly called "craps," it makes no difference whether the game was a banking game or table or not.　If defendant bet at it, he violated the law.

**2.　Special Instructions as to Presumption of Innocence—Charge.**

Where the charge of the court instructed the jury in the language of the statute as to the presumption of innocence, it is not error to refuse a special requested instruction upon the same subject.

ON MOTION FOR REHEARING.

**3.　"Craps"—Betting at Game Played With Dice—Indictment.**

On a trial for betting at a game played with dice, commonly called "craps," and the evidence showing that the game played with dice, at which defendant bet, was a banking game or table, and it was contended that to warrant a conviction, the indictment should have alleged, that the betting was at a gaming table or bank. Held: The contention is not maintainable, the statute makes the offense to consist in betting at a game played with dice not at a private residence; and if defendant played at such game he will not be heard to complain, that the State did not indict him for betting at a banking game or table.　Whether the game of "craps" was a banking game or not, if defendant bet at it, he was liable under the indictment.

APPEAL from the County Court of Limestone.　Tried below before Hon. E. C. CHAMBERS, County Judge.

Appeal from a conviction for betting at a game played with dice, commonly called "craps," not at a private residence; penalty, a fine of $10.

No statement necessary.

*Osborne & Kennedy*, for appellant, on motion for rehearing: Penal Code, Arts. 358–364; Averheart v. State, 30 Tex. Crim. App., 651; Bell v. State, 32 Tex. Crim. Rep., 187; Shaw v. State, 33 S. W. Rep., 1078.

*Mann Trice*, Assistant Attorney-General, for the State.—Appellant was convicted for betting at a game played with dice, called craps, and contends that because it is shown that said game was a banking game, being dealt and bet on as such, he was entitled to an acquittal.　While the act of betting at craps is not an offense eo nomine, it comes within the purview of Art. 388, Penal Code.　Said article, after denouncing betting at certain enumerated games, then denounces betting "at any game of any character that can be played with dice or dominoes."　Therefore it matters not whether the game was being dealt as a banking game, or whether there were two or more parties shaking dice alternately.　Betting at the game played with dice is the gravamen of the offense charged, and when this is proved, it matters

not under what circumstances, unless at a private residence, the offense is complete.

HURT, PRESIDING JUDGE.—Appellant was convicted of betting at a game played with dice, commonly known as "craps," not being played at a private residence, and fined $10; hence this appeal.   Appellant requested the court to instruct the jury that, if they believed from the testimony that the game was a banking game or table, they should acquit.   This was refused.   In this there was no error.   It makes no difference whether the game was a banking game or table, or not; if the defendant bet at it, he violated the law.   Appellant requested the court to charge the jury that the defendant was presumed to be innocent, etc., which was refused.   In the main charge the court instructed the jury that "the defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt; and, in case you have a reasonable doubt as to the guilt of defendant, you will acquit him, and say by your verdict, 'Not guilty.'" This was all that was required from the court.   The evidence amply supports the verdict, and the judgment is affirmed.

*Affirmed.*

---

### ON MOTION FOR REHEARING.

HURT, PRESIDING JUDGE.—At a former day of this term the judgment of the lower court which convicted defendant of betting at a game played with dice, commonly called "craps," was affirmed; and the case now comes before us on motion for rehearing.   Appellant contends that the indictment charges that he bet at a game played with dice, commonly called "craps," not at a private residence, and that the entire testimony shows that the game at which he bet was a banking game, and not a game played between himself and some other person, and that consequently the indictment in this case is not sustained by the proof.   The contention is that, as the proof showed that the game played with dice at which appellant bet was a banking game or table, therefore he could not be convicted for betting at a game played with dice, commonly known as "craps"; that he should have been indicted for betting at a banking game or table.   It is not questioned, and the record renders it conclusive, that appellant did bet at a game played with dice, to-wit, craps.   Now, the contention is that he should have been indicted and tried for betting at a banking game or table.   This contention is not sound.   Every fact charged in the indictment was proved in this case; that is, that he bet at a game played with dice, commonly known as "craps," not at a private residence.   This is an offense, and made so by the express provisions of the statute.   He will not be heard to complain that the State did not prosecute him for betting at a banking game or table.   With this he has nothing to do, and no concern; for, if the State should attempt to prosecute him for betting

at a banking game or table, he could interpose an acquittal or conviction as charged in this indictment. The State had the right to proceed against him for betting at the game played with dice, commonly called "craps," or the right to proceed against him for betting at a banking game or table. Having elected, the State is concluded. This case is not similar to that of Askey v. State, 20 Tex. Crim. App., 443. In that case Askey was charged with betting at a gaming bank, exhibited for the purpose of gaming. The proof showed that he represented the bank, and it was held that he could not be convicted for betting at his own bank; that a bank could not bet against itself. If the record in this case showed that the game as managed was a banking game, and that appellant was the banker, then the Askey case might be authority. But this is not such a case. Appellant was shown to have done everything charged in this indictment, and it makes no difference whether the game of craps was conducted in such manner as to make it a banking game or banking table; he cannot be heard to complain. If A. is indicted for an aggravated assault and battery with a deadly weapon, he will not be heard to complain, upon conviction, that the evidence showed that it was an assault with intent to kill and murder. The rule is that, the State having elected to prosecute him for that offense, he has no right to complain, if guilty of all the acts constituting that offense, because he was not prosecuted for some other offense. In Averheart v. State, 30 Tex. Crim. App., 651, this court held that where a person was charged with playing cards at a public place, proof that he bet at a banking game called "monte" would not sustain the charge; that betting at monte was not playing cards at a public place, as contemplated by the statute. The opinion in that case was correct, but we cannot see its application to the question in this case; for, whether the game of craps was a banking game or not, appellant could bet at it. But in monte, by betting at it, he would not be playing cards within the contemplation of the statute. In Bell v. State, 32 Tex. Crim. Rep., 187, this court held that a game of craps could be played in such manner as to constitute it a banking game. This is conceded here, but still it does not follow that you could not bet at it, though it was a banking game; that is, whether the game of craps is so managed as to constitute a banking game or table, or it is played between individuals, and not as a banking game, still, if a person bets at either, he violates the law, and he will not be heard to complain when the indictment does not allege it to be a banking game. To condense: Whether a banking game or table or not, if he bets at a game played with dice, commonly called "craps," not at a private residence, he is guilty, and will not be heard to urge that he should have been indicted for betting at a banking game, if the proof suggests such. As stated before, it being for the same transaction, when he has been convicted or acquitted, he can set up former conviction or acquittal in bar of a prosecution for either as the case may be. The motion for rehearing is overruled.

*Motion Overruled.*