### Dan Hawthorn v. The State.

#### No. 1138.        Decided April 19, 1911.

**1.—Burglary—Election by State.**

Where the defendant was indicted upon two counts, one charging burglary of a private residence and the other burglary in the ordinary form, and the court submitted both counts, the jury convicting defendant upon the first count, there was no error in not requiring the State to elect.

**2.—Same—Charge of Court—Reasonable Doubt.**

Where, upon trial of burglary of a private residence and ordinary burglary, the evidence excluded the idea of a daytime burglary and the court charged the jury upon both counts, there was no error in refusing a requested charge that if the jury entertained a reasonable doubt as to whether the burglary was committed in the daytime or at night, to find the defendant guilty of daytime burglary.

**3.—Same—Charge of Court—Explanation—Recent Possession.**

Where, upon trial of burglary of a private residence, etc., the explanation given by defendant at the time he was first charged with the crime and that given by him on the witness stand was practically identical to the effect that he purchased the alleged stolen goods from another, and the court charged the jury that if they believed the defendant bought said goods or if they had a reasonable doubt thereof, to acquit him, there was no error in refusing a special instruction upon this issue which was correct under precedent.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was sufficient to sustain the conviction, there was no error.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of burglary of a private residence; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.—Upon question of election by the State: Callison v. State, 37 Texas Crim. Rep., 211; Boren v. State, 23 Texas Crim. App., 28; English v. State, 29 Texas Crim. App., 174; Carr v. State, 36 Texas Crim. Rep., 3.

Upon the question of explanation of defendant's possession of alleged stolen goods and duty of defendant to present proper charge: Menchaca v. State, 125 S. W. Rep., 20; Taylor v. State, 15 Texas

Crim. App., 356; Garcia v. State, 26 Texas, 209; Gardiner v. State, 33 Texas Crim. Rep., 692; Thompson v. State, 43 Texas, 268; Thomas v. State, id., 658.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at seven years confinement in the penitentiary.

The indictment contains two counts, one charging burglary of a private residence, and the other charging burglary in the ordinary form. The jury convicted under the first count.

1. The first bill of exceptions is reserved to the refusal of the court to sustain the motion to require the State to elect upon which count a verdict would be asked. As before stated, the jury convicted upon the first count, which charged burglary of a private residence. The case was one of circumstantial evidence. It is proper pleading to charge as many counts as is thought necessary growing out of a single transaction to meet any probable phase of the testimony that might be developed upon the trial. It being a case of circumstantial evidence, and the evidence while fairly clear that the burglary was at night, yet it might have been committed in the daytime. Under this condition of the record we are of opinion the court did not err in not requiring an election.

2. Appellant requested the court to charge the jury if they entertained a reasonable doubt as to whether the burglary was committed in the daytime as defined in the main charge, or in the night-time as also defined in the main charge, they should find defendant guilty of burglary in the daytime. This presents a very pretty question, and one that has not been called to our attention heretofore, that is, whether appellant should have been given this distinct charge, inasmuch as the punishment for the daytime burglary might have been less than for a night-time burglary, because one was the burglary of a private residence, and the other would not be within the terms of that statute. As this record presents the matter, we are of opinion that there was no error. The court submitted both counts in the charge, and in this way appellant had the benefit of the law applicable to both counts. The jury, under the charge, was sufficiently warranted in finding appellant guilty under the first count. While there is a possibility that appellant could have committed the burglary in the daytime, yet his own testimony, we think, rather tends to exclude such idea. The owner of the house closed and left it, so that the burglary could not have been committed in the daytime of the evening on which he closed the house. It was too late, within the definition of the statute, to have authorized the burglary in the daytime, but he did not return to the house until the sun was up two or three hours the following morning. Appellant testified that he got possession of the goods from another negro about 8:30 or 9 o'clock that night. Under appellant's testimony the goods were taken

from the house between dusk and that hour of the night. Appellant says he bought the goods about three or four miles from the burglarized house from another negro. This would practically exclude any reasonable hypothesis that the house was broken in the daytime.

3. Appellant asked the court to charge the jury in reference to the explanation given by him of his possession of the goods taken from the burglarized house, which charge is practically, if not literally, in the terms of the charge set out in Ross v. State, 40 Texas Crim. Rep., 350. The refusal of this charge is assigned as error. The court charged the jury: "If you believe the defendant bought the suit of clothes claimed to have been taken from the alleged burglarized house, or if you have a reasonable doubt thereof, you must acquit the defendant." We are of opinion that this charge is sufficient, and fully covers the explanation given by appellant of his possession of the suit of clothes. Mathews v. State, 32 Texas Crim. Rep., 355; Williams v. State, 29 Texas Crim. App., 167; Conners v. State, 31 Texas Crim. Rep., 453; Wheeler v. State, 34 Texas Crim. Rep., 350. Judge Henderson wrote the opinion in Wheeler v. State, supra, in which he wrote out a form of charge, which is substantially, if not exactly, copied by appellant in his special charge, but it will be noted in the Wheeler case Judge Henderson used the following language: "If in this case the court had pertinently charged on the purchase of the hogs, this would have been sufficient without a charge on explanation. Mathews v. State, 32 Texas Crim. Rep., 355." It has also been intimated in some of the cases that if the explanation given by the accused at the time he is called upon to explain is different from that testified on the trial, the court may be required to give a charge in this form. But be that as it may, so far as this case is concerned, it was unnecessary to give the requested instruction. The explanation given by appellant at the time he was first charged with the crime and that given by him through the evidence on the trial is identical, that is, that he purchased the clothes taken from the burglarized house from another negro, whose name he did not undertake to mention. The court, as before stated, distinctly charged the jury that if appellant bought the suit of clothes, or they had a reasonable doubt of that fact, he should have the benefit of the doubt and be acquitted. This sufficiently instructed the jury as to his defensive matter and without any circumlocution of verbiage, and the jury could not have misunderstood the court's charge, and inasmuch as appellant had the full benefit of his side of the case we are not called upon to reverse the judgment because the charge was not repeated in another form or in different forms.

4. We do not think there is any merit in appellant's contention that the evidence is insufficient. He was at the alleged burglarized house late in the evening, had a conversation with the owner of the house, in which a contract or agreement was entered into whereby appellant was to return the next morning and go to work for the

owner picking cotton. In this conversation the owner notified or stated to appellant that he was going off for the night, but would be back in the morning. Appellant left the house before the owner did. The owner and his wife spent the night with the owner's mother, some half mile distant, returning home the following morning some time after sunrise. During the interval the house was burglarized, and a lot of property taken from it, among other things, a suit of clothes. Appellant was found in possession of the clothes a few days afterwards. He first denied having the clothes, and when a girl standing by informed the officer and owner of the house appellant had carried the clothes to her mother's, he then admitted having the clothes, stating that he bought them from another negro. It has been held by the decisions that where a house has been burglarized and a party is found in possession of goods taken from the house, recently afterwards, that unexplained it would be sufficient evidence to justify a verdict of guilty. It has also been held that where the account of possession is given, the State is called upon to disprove to the satisfaction of the jury such account; if the account put in evidence and is shown to be false a conviction can be had. Recognizing those rules, we are of opinion the evidence does sufficiently show appellant's possession of those goods was not honest. His statements, his testimony and the other facts in the case are of sufficient cogency to show that the jury were correct in disbelieving his exculpatory statements as to how he came into possession of the property.

The judgment is affirmed.

*Affirmed.*