## Dave Coggins v. State.

No. 2062.   Decided November 20, 1912.

**1.—Burglary—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was circumstantial and defendant offered no explanation of his possession of part of the property which was taken from the house burglariously entered, and the court submitted a proper charge, there was no error.

**2.—Same—Charge of Court—Principals.**

Where the evidence clearly disclosed that two persons participated in the alleged burglary, the court properly charged on the law of principals.

**3.—Same—Charge of Court—Arrest—Bill of Exceptions.**

Where the bill of exceptions did not disclose that the testimony as to defendant's explanation was objected to on any ground, and no special charge was requested, there was no error in the court's failure to instruct the jury as to whether defendant was under arrest at the time he made explanation; besides, the bill showed that defendant was not under arrest.

**4.—Same—Remarks by Court.**

Where the language of the trial judge was not such as to present cause for reversal, there was no reversible error.

**5.—Same—Bill of Exceptions—Practice on Appeal.**

Where no bills of exceptions were reserved to the introduction of testimony, the matter cannot be reviewed on appeal.

**6.—Same—Charge of Court—Explanation—Recently Stolen Property.**

Where the defendant offered no testimony, in explanation of the possession of property recently stolen during the alleged burglary, that he had purchased same, and it was shown that his explanation, that such property was not that recently stolen, was absolutely untrue, there was no error in the court's failure to charge on defendant's explanation of possession of recently stolen property.

Appeal from the District Court of Comanche.   Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

The evidence discloses that R. L. Graham's smoke house was burglariously entered and a side of bacon stolen; at the same time and place a box of "Honest snuff" was also taken. It rained the night of the burglary and tracks were found around the smoke house and buggy shed. These tracks were measured, and were trailed or followed some three or four miles to a path leading to the tent of appellant. These tracks corresponded with known tracks made by appellant. Along the trail the wrapper from the snuff was found. In the tent of appellant was found a piece of bacon and a bottle of "Honest Snuff." Appellant when approached said he had purchased the meat from George Noel about two weeks prior to this time. Noel and his wife testified appellant had gotten no meat from them at the time named by him, but some six weeks or more prior to this time they had let appellant have a small piece of bacon. Graham had killed and cured the meat in his smoke house, and he testified it was meat from a black Poland China hog. The meat found in appellant's tent was home-cured, and had evidences that it was meat of a black hog. The meat was carried to Graham's, and the other side of bacon was cut just as the piece found in appellant's possession, and witnesses testify it corresponded exactly in looks, streaks of fat and lean, and identified it as positively as it is possible to identify this character of property. The appellant offered no explanation of his possession of a box of snuff of the make, character and kind of that stolen.

Appellant earnestly insists that the evidence is insufficient to sustain the conviction. The court gave a full and fair charge on circumstantial evidence, and we are not prepared to hold, in the face of the finding of the jury and the conclusion of the trial judge, that the verdict is unauthorized. Especially is this true, when we find that the explanation of his possession of the meat found in his tent was proven to be untrue.

There is no complaint of the charge on principals, but it is insisted that such charge was not called for. The evidence clearly discloses that two persons participated in the offense, and the court properly applied the law to the testimony.

There was no bill of exceptions reserved to the officer and others testifying to the explanation of defendant at the time he was accosted by the officer, but appellant presents a bill in which he states he objected to the "charge of the court because the charge failed and omitted to· distinctly instruct the jury on the issue of whether or not appellant was under arrest at the time he made the statement." This bill does not disclose that the testimony was objected to on that or any other ground at the time it was offered; there is in the record no motion to strike it out, and no special charge requested in

regard thereto, and under such circumstances it was not necessary for the court to charge thereon. In addition to this the court in approving the bill certifies that appellant was not under arrest at the time he made the explanation. Appellant accepts this bill and files it, and as thus qualified it presents no error.

Again appellant complains of the remarks of the court to the jury, after they had reported they could not arrive at a verdict. The court in approving the bill states: ''The language I used was substantially that used by the court in the Dow case, 31 Texas Crim. Rep., 278, and also substantially the same language used by me in Nesbitt v. State, 65 Texas Crim. Rep., 349, 144 S. W. Rep., 944.'' In the Dow case Judge Davidson collates the authorities and discusses the question here presented, and under the rule announced in that decision this bill presents no error.

The grounds in the motion for new trial complaining of the introduction of testimony cannot be reviewed by us as no bills of exception were reserved; at least none are presented in the record.

The only serious question in the case is presented in the sixth ground of the motion for new trial, and third bill of exceptions— the failure of the court to charge on defendant's explanation of possession of recently stolen property. In approving the bill the court states: ''The defendant tried the case on the theory that the meat found at his camp was not Graham's meat, and I felt that to charge the jury on explanation of recently stolen property would prejudice his rights and might be construed as an intimation that the court believed the meat found was Graham's meat.'' We might say that it would have been proper for the court to have instructed the jury that if they believed that the meat found in his camp was purchased from Noel, or had a reasonable doubt as to defendant having so purchased it, to acquit him, and this would have given the jury no intimation as to the court's belief in the matter. (Matthews v. State, 32 Texas Crim. Rep., 355.) And in this case if on the trial defendant had offered any proof that he had so purchased the meat, we would feel called upon to reverse the case. On the other hand, the defendant did not offer testimony on this issue, but the State introduced Noel and his wife and proved that the explanation was absolutely untrue, and such being the condition of the record, while it would have been proper for the court to have submitted the issue, yet it is not such error as necessitates a reversal.

The circumstances taken altogether support the verdict, and the judgment is affirmed.

*Affirmed.*